CARTER, C.J.
13This appeal from a judgment rendered in a succession proceeding concerns the payment of federal estate taxes in accordance with a testamentary clause directing that payment be made from cash the testator died possessed of. For the reasons that follow, we affirm the district court judgment.
FACTS AND PROCEDURAL HISTORY
Viola Mae Tabor Badeaux died testate on June 21, 2003. Mrs. Badeaux’s husband predeceased her, and she had no surviving children to inherit from her substantial estate. Mrs. Badeaux’s will provided for numerous particular legatees and named four universal legatees. Of the four named universal legatees, only Teresa Mae Badeaux Fernandez survived Mrs. Badeaux.
According to the detailed descriptive list as supplemented and amended, at the time of her death, Mrs. Badeaux had approximately $21,000 in a bank account. Mrs. Badeaux also owned an annuity with National Health Insurance Company (NHIC) valued at approximately half a million dollars and an annuity with American National Insurance Company (ANICO) valued at over $700,000. It is undisputed that both annuities were payable to Mrs. Badeaux upon demand. Mrs. Badeaux’s estate was the named beneficiary of the NHIC annuity. The ANICO annuity was payable to 17 named beneficiaries, not one of which was Mrs. Badeaux’s “estate.”
Mrs. Badeaux’s will contained the following provision:
I direct that all administrative expenses, attorney’s fees, court costs and federal estate tax incurred in connection with the settling of my estate be paid first out of cash that I die possessed of. I also direct that each | .legatee pay his *822 or her Louisiana state inheritance tax. (Emphasis supplied.)
The cash in Mrs. Badeaux’s bank' account was insufficient to cover the administrative expenses, attorney’s fees, court costs, and federal estate tax incurred in connection with the settling of her estate. On October 21, 2004, the executor of Mrs. Badeaux’s estate, assuming a neutral position, filed a rule to show cause seeking a judgment deciding whether federal estate taxes should be apportioned among the particular cash legatees, as well as the annuitants of the ANICO policy.
Following a contradictory' hearing, the trial court entered judgment holding that Mrs. Badeaux’s will clearly and unambiguously directed that federal estate taxes are first to be paid out of cash she died possessed of. It then ruled that the NHIC annuity was a cash asset available for the payment of federal estate taxes. The district court further ruled that the federal estate taxes would not be apportioned among the particular legatees named in Mrs. Badeaux’s will and that the ANICO annuity was unavailable for the payment of federal estate taxes. Costs of the contradictory proceeding were assessed to Mrs. Fernandez.
After filing an appeal with this court, Mrs. Fernandez died. On March 17, 2006, this court signed an order substituting Charles Raymond Fernandez, the duly appointed testamentary executor of the Succession of Teresa Mae Badeaux Fernandez, for Teresa Mae Badeaux Fernandez.
Appellant assigned five errors for this court’s consideration. The first four errors can be resolved with the resolution of one issue: Are either of the two annuities owned by the testator cash that the testator “died possessed of,” as that phrase in used in the will, such that the cash proceeds of those | ^annuities are available for the payment of federal estate taxes? ■ The fifth and final assignment of error concerns the district court’s assessment of costs to Mrs. Fernandez.
DISCUSSION

Payment of Federal Estate Taxes

Appellant argues that the only cash Mrs. Badeaux died possessed of was that in her banking account, and because this amount was insufficient to pay the federal estate taxes, the legatees should bear the tax liability in proportion to their respective shares of Mrs. Badeaux’s estate as mandated by LSA-R.S. 9:2432 A, which provides:
If the deceased has made no provision in his testament for the apportionment of the tax among the persons interested in the estate, the tax shall be apportioned among them by the court in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be used for this purpose.
The rule of apportionment of taxes provided for in LSA-R.S. 9:2432 must be followed unless a testator made provisions in her will to the contrary. Although a testator’s intent to free a legacy from apportionment must be clear and unambiguous, no specific words are required to shift the tax burden. A few simple words are .sufficient to indicate the testator’s intent and to accomplish the testator’s purpose. Succession of Russell, 590 So.2d 606, 612, writ denied, 591 So.2d 700. If there is any doubt respecting the testator’s direction as to who is to bear the estate taxes, the testator’s language will be construed so as to benefit those persons who are the object of her concern. Id.
*823 |fiMrs. Badeaux’s inclusion of an unequivocal directive that federal estate taxes shall be paid from the cash she died possessed of clearly evidences intent that her residuary estate absorbs the federal taxes, if cash be available, so that particular legacies would not be burdened. The NHIC annuity was not only payable upon demand, but it was payable to Mrs. Ba-deaux’s estate immediately upon proof of death, placing cash in the hands of her executor. We cannot distinguish between cash on deposit in a bank account and cash on deposit with a life insurance company that is subject to withdrawal and payable to the estate of the depositor upon the owner’s death. Both are cash in the testator’s possession at the moment of death.
However, we reject appellant’s alternative argument that if this court finds the NHIC annuity is cash the testator died possessed of then it also must find that the ANICO annuity is cash the testator died possessed of. At the moment of death, the ANICO annuity placed cash in the hands of the seventeen named beneficiaries — not Mrs. Badeaux’s estate. Neither Mrs. Ba-deaux nor her estate died possessed of the cash in this annuity.

Assessment of Costs of the Rule to Show Cause

Louisiana Code of Civil Procedure article 2825 provides that in all contradictory succession proceedings, the court costs are to be paid by the party cast, unless the court directs otherwise. We find no error in the district court’s assessment of costs to Mrs. Fernandez.
CONCLUSION
We find that Mrs. Badeaux altered the statutory method of tax apportionment provided for in LSA-R.S. 9:2432 by clearly expressing her intent that federal taxes shall be paid from cash she died possessed of, which | includes the cash in the NHIC annuity. Costs of this proceeding are to be borne by Charles Ray Fernandez as executor of the succession of Teresa Mae Badeaux Fernandez.
AFFIRMED.